UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AN DUY NGUYEN, | No. C 07-3979 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| MIKE EVANS, warden, | |
| Respondent. | |

# INTRODUCTION

An Duy Nguyen, an inmate at the Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court.

# BACKGROUND

Nguyen's petition provides the following information. He was convicted in Santa Clara County Superior Court of second degree murder. On February 25, 2006, he was sentenced to 15 years to life in prison plus one year. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He also filed an unsuccessful state habeas petition in the California Supreme Court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims: (1) Nguyen was denied a fair trial because the prosecutor vouched for the credibility of a witness, (2) Nguyen was denied a fair trial because of the prosecutor's misconduct during argument, (3) Nguyen was denied effective assistance of trial counsel because trial counsel failed to object to the prosecutor's many acts of misconduct, including vouching for the credibility of a witness, (4) he was denied due process by improper pinpoint jury instructions, (5) "his conviction must be reversed because CALJIC No. 5.17 contains erroneous language concerning the doctrine of imperfect self-defense," Petition For Review, p. 15, (6) cumulative error based on an accumulation of the errors in claims 1-5, and (7) appellate counsel failed to provide effective assistance in that he (a) failed to argue that trial counsel was ineffective when he failed to object to the improper vouching, (b) failed to argue error in the admission of Bao Tran's plea agreement, (c) failed to argue error in the trial court allowing the jury to consider a verdict of involuntary manslaughter, and (d) failed to argue that the prosecutor's many acts of misconduct denied Nguyen a fair trial. Liberally construed, Claims 1-4 and 6-7 are cognizable in a federal habeas action and warrant a response.

Claim 5 does not allege a violation of Nguyen's federal constitutional rights and therefore is dismissed. The federal writ of habeas corpus is available only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response. Claim 5 is dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **November 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **December 28, 2007**.

5. Petitioner's in forma pauperis application is DENIED because petitioner has ample funds to pay the filing fee. (Docket # 2.) Petitioner must pay the $5.00 filing fee no later than **October 31, 2007** or this action will be dismissed.

IT IS SO ORDERED.

DATED: September 18, 2007

SUSAN ILLSTON
United States District Judge