1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AN DUY NGUYEN,

        Petitioner,

    v.

MIKE EVANS, warden,

        Respondent.

_____/

No. C 07-3979 SI (pr)

**ORDER EXTENDING DEADLINES AND DENYING REQUEST FOR COUNSEL**

Respondent has filed an ex parte application for an extension of time to respond to the petition for writ of habeas corpus. Having considered the application and the accompanying declaration of attorney Jeremy Friedlander, the court GRANTS respondent's application. (Docket # 4.) The court now sets the following new briefing schedule: Respondent must file and serve his response to the petition no later than **January 25, 2008**. Petitioner must file and serve his traverse no later than **February 29, 2008**.

Petitioner has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel

is necessary in this action. The motion for appointment of counsel is DENIED.   (Docket # 5.)

IT IS SO ORDERED.

DATED: December 3, 2007

_____
SUSAN ILLSTON
United States District Judge