IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION



AN DUY NGUYEN,
        Petitioner,
        C 07-3979 SI (PR)
V.

MIKE EVANS, WARDEN,
        Respondent.

I THE Petitioner AN DUY NGUYEN AM ANSWERING THE Respondent MEMORANDUM OF POINTS AND AUTHORITIES.

First off your Honor i AM NOT A lawyer i HAVE NEVER study law. but the court told me that i could do this myself without the help of a lawyer and so your honor please Bear with me because all i am Asking here is for "Justice"
ON December, 1, 2004 i was convicted by a jury for Second degree murder! your honor something is very wrong here! This second degree murder

1. That i was convicted for is wrong honor.
2. If you will your honor in the Respondent
3. Memorandum of Points and Authorities in
4. Support of Answer to Petition for Writ of
5. Habeas Corpus. page 6 Line 17 And This is
6. Statement of facts. That there was a "melee"
7. And The Prosecution's case page 9 Line 13
8. The Prosecution's witnesses Also said that
9. This was a "Altercation" And on this same
10. Page Line 17 and 18 The waitress that work
11. In the cafe made a statement to the police
12. That a "fight broke out" And on page 10
13. Lines 2 and 3 The prosecution's star witness
14. Also state. Bao testified that a fight broke
15. out. Your Honor i ask the court just on
16. The Prosecution's case alone. i the petitioner
17. Ask the court on it's own to throw out
18. The second degree murder conviction against
19. The petitioner. There is no second degree
20. murder here. There is only a fight that
21. went very wrong between some young punks
22. The Prosecution's case page 9 Lines 10, 11, the
23. Prosecution state that there was a rivalry
24. Between VG and Asian Warriors which mean
25. That both groups are always trying to hurt each
26. other. Which means that we are all gulity.
27. I the Petitioner did not go in the cafe to "kill"

1. Your honor the state APPELLATE COURT
2. DID UNREASONABLY REJECTED THE Petitioner
3. CLAIM THAT THE TRIAL COURT AND THE
4. PROSECUTOR VOUCHED FOR THE CREDIBILITY
5. OF THE WITNESS BAO TRAN. And ALSO THE
6. PETITIONER WAS DEPRIVED OF THE EFFECTIVE
7. ASSISTANCE OF COUNSEL AT THE TRIAL
8. WHEN my TRIAL ATTORNEY FAILED to object
9. TO The prosecution's improper vouching
10. for it's own witness.
11. PAGE 13 LINE 6 BAO NEGOTIATED A guilty plea to
12. BEING AN ACCESSORY AFTER THE FACT.
13. LINES 7, 8, tell us the plea bargain obligations
14. Which was to testify honestly and truthfully for
15. The people And Accept A reinstatement of the
16. murder charge if the trial court found that he
17. Did NOT fulfill the plea bargain obligations.
18. Your Honor under BRIAN A. BUCKLEY. V. C.A. TERHUNE
19. NO. 03-55045- UNITED STATES COURT of APPEALS
20. FOR THE NINTH CIRCUIT, 441 F,3d 688; 2006 U.S.
21. LEXIS 6612.
22. The prosecution And the court made A
23. PLEA Agreement with bao the prosecution's
24. witness. that plea Agreement here in
25. California is a form of contract and according
26. To the same rules as other contracts. Thus under
27. Adamson, California courts are required to CONSTRUE

1. and interpret plea agreements in accordance
2. with state contract law."
3. Your honor the same page 13 factual background
4. lines 10 to 17 the prosecution's witness BAO
5. breached the plea agreements which is the
6. same as a contract when BAO started to
7. tell lies. Lines 10 to 17. denying recollection
8. saying he don't recall and don't remember.
9. The plea agreements was to testify honestly
10. and truthfully. Which BAO did not do so.
11. So the plea agreements contract was —
12. breached and yes your honor the prosecution
13. did improperly vouching for it's own witness."
14. Lines 18 to 20, the prosecution started threatin
15. their witness." On-Lines 16 to 20 the prosecution
16. started threatin BAO. Once the plea agreements
17. or breached which the  witness BAO
18. started telling lies.' Line 16. i do want to remind
19. you that i am the one that will be deciding what
20. your sentence is to be and the rest of what the
21. prosecution told BAO was a threat put in a way
22. that BAO knew what would happen.' he, BAO
23. would be charge with murder if he, BAO did
24. not say what he, BAO made a plea agreements
25. to say. So later when the prosecution argued to
26. the jury and was vouching for the witness. it
27. was improper vouching because the prosecutor

1  was telling the jury what the witness say
2  page 13 lines 22 to 25, what the prosecutor
3  was vouching for was more lies, your
4  honor the respondent want you to belive
5  that after the prosecution threatin Bao
6  that he better tell the truth or they the
7  prosecution would charge Bao with murder
8  and Bao seen the light and started telling
9  the truth, your honor Bao started out
10 telling lies and kept telling lies but, the
11 lies the prosecution wanted to hear,
12 your honor just by these facts i just
13 stated the prosecution was improper
14 vouching for Bao.
15 Also your honor when my trial attorney did not
16 object to the improper vouching by the prosecution
17 and my trial attorney did not object to the trial
18 court error by omitting to instruct the jury on the
19 lesser and included offense of voluntary manslaug-
20 hter. This act by my trial attorney was a act of
21 INEFFECTIVE ASSISTANCE OF COUNSEL and also
22 by the Appellate attorney fail to argue to the
23 court of appeal that the trail court had erred by
24 omitting to instruct the jury on the lesser and
25 included offense of voluntary manslaughter and the
26 improper vouching, this was INEFFECTIVE ASSISTANCE of
27 counsel by the Appellate attorney and for the

Above stated facts of improper vouching and INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MY CONSTITUTIONAL RIGHTS And these acts deny me a fair trial. I ask the court for these reason alone That this murder conviction be overturn, REVERSED!

MEMORANDUM OF POINTS AND AUTHORITIES

BRIAN A. BUCKLEY. V. C.A. TERHUNE. NO. 03-55045 - UNITED STATES COURTS OF APPEALS · FOR THE NINTH CIRCUIT, 441 F.3d 688; 2006 U.S. LEXIS 6612 A plea agreements is the same as a contract and ON page 13 Lines 10 to 17, when the witness started Telling "lies" the contract was Breached and so The prosecution was vouching for a "liar" and so That is improperly vouching for it's own witness.// Impermissible vouching may occur where the prosecutor Places the prestige of the government behind a witness. People V. Williams (1997) 16 Cal. 4th 153, 257 ON page 13 Lines 22 to 25 the prosecutor argued to The Jury that Bao was telling the truth and that Places the prestige of the government behind Bao. The prosecutor was not placing assurances, based on The record, regarding the apparent honesty or reliability of prosecution witness. This was not the case your Honor, before prosecutor was vouching for Bao

Page 13 Lines 10 to 17 the witness was telling lies People v. Frye (1998) 18 Cal. 4th 894, there was no error in prosecutor's recounting the nature of the prosecution's agreement with a witness as an aid to the jury's evaluation of his credibility. Your honor this is not the case! the prosecutor was recounting the nature of the plea agreement to the witness Bao as a threat letting Bao the witness know that if he did not start to say what the prosecutor wanted him to say the prosecutor would charge Bao with murder

Page 13 Lines 17 to 20
United States v. Young, 470 U.S. 1, 18-19 (1985)
Prosecutorial comments may violate Due Process if they convey to the jury that it is permitted (b) to rely on the government's view of the evidence. On page 13 lines 22 to 25 the prosecutor is telling the jury that because Bao made a plea agreement he is telling the truth and nothing but the truth so the prosecutor is telling the jury to rely on the government's view of the evidence and to forget about the lies Bao was telling on lines 12 to 20

United States v. Creamer, 555 F.2d 612, 617-18 (7th Cir. 1977) permissible to put before the jury both the witness's understanding of his plea agreement and what would happen if witness violated it.

1. The prosecutor apply the plea agreement and
2. what would happen if he Bao violated it
3. before the jury is when Bao was telling
4. lies already and had already violated his
5. plea agreement's page 13 lines 10 to 20.
6. Bao is not being truthful. That's when the
7. prosecutor bring up the plea agreement.!!
8. By representing to the jury that the prosecution
9. had only asked Bao Tran to tell the truth "after"
10. Bao had already lie. The prosecution and the court
11. itself improperly suggested to the jury to forget
12. about Bao telling lies and that the prosecution and
13. the court had made Bao tell the truth because
14. of a plea agreement such a suggestion to the jury
15. directly involves the prosecution in the improper
16. and unethical practice of vouching for its own
17. witnesses. (See, e.g., United States. v. Necoechea,
18. (9th Cir. 1992) 986 F.2d 1273, citing United States.
19. v. Shaw (9th Cir. 1987) 829 F.2d 714, 716-18, cert.
20. denied, 485 U.S. 1022 (1988) such representations
21. or implications are a way of improperly placing the
22. prestige of both law enforcement and the court
23. behind the witness.
24. United States. v. Smith (9th Cir. 1992) 962 F.2d 923
25. where the prosecutor committed improper vouching
26. when he assured the jury in closing argument that
27. his job was to turn over favorable evidence to the

1  defense and to lead the jury to the truth and that
2  if he did anything wrong in the trial he would be
3  removed by the court.
4  United States v. Necoechea, supra, 986 F.2d 1273
5  at p. 1278) Vouching is especially problematic
6  in cases where the credibility of witnesses is
7  crucial, and has often required reversal in that
8  circumstance. Bao was the prosecutor star
9  witness.
10 People v. Meza (1981) 116 Cal. App. 3d 988, 998.)
11 It is well established that a defendant is denied
12 a fair trial if the prosecution's case depends
13 substantially on testimony secured through an
14 immunity agreement which places the witness under
15 a strong compulsion to testify in a particular
16 fashion.
17 People v. Medina (1974) 41 Cal. App. 3d 438, 455-456.)
18 The California Supreme Court has recently reaffirmed this
19 principle, holding that if an accomplice is granted immunity
20 subject to the condition that his testimony substantially
21 conform to an earlier statement given to police. The
22 accomplice's testimony is "tainted beyond redemption"
23 and its admission denies the defendant a fair trial
24 People v. Fields (1983) 35 Cal. 3d 329 this court explained
25 that the requirements of due process are met if the
26 prosecution's agreement with the witness permits the
27 witness to testify "freely" at trial and to respond to any

claim that he breached the agreement by showing that the testimony he gave was a "full and truthful" account.

Due process was violated here the witness Bao was not allow to "testify freely" once again page 13 lines 10 to 20 The prosecutor had to tell Bao how to testify or if not Bao would have answered every questions with "i don't recall" or "i don't remember" and the prosecutor never ask Bao was he telling the truth because the prosecutor knew Bao was telling "lies" so the prosecutor told Bao to do your best to tell the truth./ which is just like saying just make it a beliveable lie./

People.v. DeSantis (1992) 2 Cal.4th 1198-1219-1220 Agreement requiring only truthful testimony is acceptable./



# THE STATE APPELLATE COURT DID ERROR IN REJECTING THE CLAIMS THAT PROSECUTOR COMMITTED MISCONDUCT IN CLOSING ARGUMENT

The prosecutor did deny Petitioner a fair trial By making misstatements of the law and other Acts of misconduct in his arguments to the Jury.

The Prosecutor's Fourth Statement page 22 Lines 15 to 20 The prosecutor plays a mind Reader in Court when the prosecutor argue That self-defense all deals with what's in the Defendant's mind The prosecutor do not know what was on the defendant's mind at the time of the So call 'murder.' but let's go with what the - Prosecutor say, and say that the prosecutor Did know what was on the defendant's mind At the time of the crime.' And so we will your Honor go with line 18 and 19 what's so important for self-defense is what's in the defendant's mind.'

Page 7 Line 14 Petitioner said he was Reacting in Fear when he stabbed VU in the Chest.' Fear was in the Petitioner mind.' page 11 Lines 7 to 9 petitioner Never Intended to Kill VU, in the petitioner mind he thought he was being attacked and that his life was in Jeopardy this was what was on the petitioner mind.' and once again we go back to page 22 Lines 18 and 19 what's so important for self-defense is what's In the defendant's mind and in this case the

1  defendant testified.
2  Page 22 Lines 15 to 17 The prosecutor remarks
3  OR It's not what's on the videotape "so i ask
4  The court to put to the side and not use
5  The statement of facts and the fatal altercation
6  As shown on the videotape page 2, 3, 4, 5, 6, And
7  Page 7 Lines 1 to 7 because as the prosecutor say
8  It's not what's on the videotape, "it's what's in the
9  Defendant's mind"
10 Page 18 Lines 22 to 24 The prosecutor say that the
11 Defendant is guilty of murder, unless there evidence
12 To prove that something mitigates it down to a
13 Voluntary manslaughter. the prosecutor is telling
14 the Jury that the defendant must prove that
15 This is a manslaughter when by law that's
16 The prosecutor job is the prove the crime."
17 And there is reasonable likelihood that the Jury took
18 The assailed remarks out of context.
19 Page 20 Lines 11, to 12 the prosecutor misstated the law
20 When the prosecutor said Now a voluntary manslaughter
21 Is basically the murder of a human being with the intent
22 To kill! These remarks by the prosecutor took any
23 Chance that i had for voluntary manslaughter away
24 from me, the prosecutor lie to the Jury that there
25 Is intent to kill in a voluntary manslaughter. the
26 Prosecutor was telling the Jury that a voluntary manslaugh-
27 Ter- is the same as any other murder, with intent to



13

1. kill! The jury did take this statement out of
2. context and i was found guilty of second degree
3. murder.
4. Page 24 Lines 7 to 11 the prosecutor remarks
5. did help to convict the defendant.
6. The prosecutor is telling the jury to come together
7. as a community and take charge and stand up to
8. the gang members! the prosecutor is telling the
9. jury to give the Vu Pham's family justice, and this
10. means to retaliate against the defendant. And your
11. Honor i want you to think what was in the jurors
12. mind when Vu Pham's family or sitting there crying
13. for the dead son! the jury would think it's the right
14. thing to do is to reach out and help Vu Pham's family
15. and to find the defendant guilty of murder all
16. because of the remarks of the prosecutor.
17. The prosecutor is not talking about evidence —
18. Here the prosecutor is appealing to the jurors
19. heart and mind!!.
20. United States. v. Monaghan (O.C. Cir. 1984) 741 F. 2d 1434
21. At p. 1441, It is generally inappropriate for a prosecutor to
22. ask jurors to step outside their role as objective fact
23. finders! the evil lurking in such prosecutorial appeals is
24. that the defendant will be convicted for reasons wholly
25. Irrelevant to his own guilt or innocence. Jurors may be persuad
26. ed- by such appeals to belive that by convicting a defendant, they
27. will assist in the solution of some pressing social problem!

THE STATE APPELLATE COURT DID ERROR WHEN IT REJECTED THE CLAIM THAT DEFENSE COUNSEL'S FAILURE TO OBJECT THE ASSERTED INSTANCES OF PROSECUTORIAL MISCONDUCT DEPRIVED PETITIONER OF EFFECTIVE ASSISTANCE OF COUNSEL!

PETITIONER WAS DEPRIVED OF EFFETIVE ASSISTANCE OF COUNSEL, BOTH AT HIS TRIAL AND IN HIS DIRECT APPEAL. BY BOTH TRIAL COUNSEL AND APPELLATE COUNSEL FAILED ARGUE TO THE COURT APPEAL ABOUT THE MANY ACTS OF MISCONDUCT BY THE PROSECUTOR AND THE TRIAL COUNSEL FAILED TO OBJECT TO THE MANY ACTS OF MISCONDUCT AT TRIAL WHICH I HAVE ALREADY STATED ABOVE. DUE TO THESE FACTS I WAS DENY A FAIR TRIAL!

People.v. Simpson (1954) 43 Cal. 2d 552,
Sullivan.v. Louisiana (1993) 508 U.S. 275. 124 L.Ed.2d 182. 113 S.Ct. 2078. 2081-82
People.v. Brophy (1954) 122 Cal. App. 2d 638, 647.
People.v. Shoemake (1982) 135 Cal. App. 3d 442 446.
People.v. Smith (1967) 249 Cal. App. 2d 395, 404]

THE STATE APPELLATE COURT DID ERROR WHEN IT REJECT PETITIONER'S CLAIM THAT IMPROPER PINPOINT INSTRUCTIONS VIOLATED DUE PROCESS AND ALSO THE COURT ERROR WHEN IT REJECT PETITIONER CLAIM THAT THE APPELLATE ATTORNEY ~~[struck]~~ FAILED TO ARGUE TO THE COURT OF APPEAL THAT THE TRIAL COURT ERRED IN FAILING TO ALLOW PETITIONER'S JURY TO CONSIDER A VERDICT OF INVOLUNTARY MANSLAUGHTER.

IMPROPER PINPOINT INSTRUCTIONS CALJIC NOS. 2.03 2.06 AND 2.52 VIOLATED PETITIONER DUE PROCESS
PEOPLE. V. MOORE (1954) 43 CAL. 2d 517, 526-527
REAGAN. V. UNITED STATES (1895) 157 U.S. 301, 310
WARDIUS. V. OREGON (1973) 412 U.S. 470.

A Trial Court must instruct the Jury on every Theory of the case which is supported by substantial evidence (People. v. Edwards (1985) 39 Cal. 3d 107, 116. People. v. Geiger (1984) 35 Cal. 3d 510 519; People. v. Flannel (1979) 25 Cal. 3d 668-684. Where the theory is that the defendant committed a lesser included offense, the court must instruct on the lesser included offense when there is evidence from which a jury composed of reasonable person could conclude the defendant was guilty of the lesser crime

(16)

1. People. v. Wickersham (1982) 32 Cal. 3d 307, 305
2. People. v. Flannel, supra. 25 Cal. 3d at p. 684
3. People. v. Barton (1995) 12 Cal. 4th 186
4. People. v. Carmen (1951) 36 Cal. 2d 768, 773
5. In 2000, this court held that voluntary
6. manslaughter can exist even if a killing is
7. unintentional. People. v. Lasko (2000) 23 Cal.
8. 4th 101, 107-110;
9. People. v. Blakeley (2000) 23 Cal. 4th 82, 87-91
10. People. v. Blakeley, supra. 23 Cal. 4th at p. 85
11. Involuntary manslaughter, in contrast, exists
12. when a death occurs without malice in the
13. commission of an unlawful act. not amounting
14. to a felony, or in the commission of a lawful
15. act which might produce death."
16. Pen. Code, 192 subd. (b).) the mental state
17. requirement for involuntary manslaughter
18. is criminal negligence. (See Pen. Code, 20
19. People. v. Wells (1996) 12 Cal. 4th 979, 988
20. People. v. Stuart (1956) 47 Cal. 3d 167, 174
21. People. v. Cox (2000) 23 Cal. 4th 665, 672;
22. People. v. Bobo (1990) 229 Cal. App. 3d 1417-1443
23. People. v. Glenn (1991) 229 Cal. App. 3d 1461
24. Petitioner case is similar to this case and the
25. Second Appellate District held that error had been
26. committed when the trial court declined to instruct
27. on involuntary manslaughter.

THE STATE APPELLATE COURT DID ERROR IN REJECTING PETITIONER'S CLAIM OF CUMULATIVE ERROR.

Your Honor there or many errors here and individually errors. Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007) supreme court precedent clearly established that the combined effect of multiple trial court errors violates Due process where it render the resulting criminal trial fundamentally unfair.

CONCLUSIN:

For the reasons stated: PETITIONER'S Requests that the CONVICTION BE REVERSAL

DATED: Feb, 3, 2008

Respectifully submitted

x Nguyen D. Duy

AN DUY NGUYEN



